# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 CV 454 | **DATE** | February 28, 2012 |
| **CASE TITLE** | PACIFIC INDEMNITY CO. v. R.H. LOVE GALLARIES, INC., et al. | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS Pacific Indemnity Co.'s Motion for Judgment on the Pleadings [30].

■[For further detail see below.]     Docketing to mail notice. *and AO-450.*

## STATEMENT

    Pacific Indemnity Co. brings this action against R.H. Love Galleries, Inc., Richard H. Love, and E. Geraldine Love (collectively "Love Galleries") for breach of a settlement agreement. Pacific Indemnity now seeks Judgment on the Pleadings, arguing that Defendants have admitted liability and there is no material issue of fact remaining to be resolved. For the reasons stated below, the Court grants Pacific Indemnity's Motion.

### I. Factual Background

    In 2002, art collectors Henry and Anne Marie Frigon, entered into an agreement with Love Galleries concerning the consignment of about a dozen paintings, valued together at approximately $1.2 million. The agreement required Love Galleries to use reasonable efforts to sell each painting and to remit the sales proceeds to Mr. Frigon, less incidental costs. Following execution of the agreement, the Frigons delivered the paintings to Love Galleries for exhibition and sale.

    The Frigons eventually came to believe that Love Galleries had sold their paintings without remitting the sale proceeds. The Frigons demanded payment, and Love Galleries refused to pay. The Frigons made attempts to recover the paintings, but those attempts were unavailing.

    The paintings were insured by Pacific Indemnity, and the Frigons filed a claim relating to their losses. Pacific Indemnity denied the claim, and the Frigons sued. (*See* Case Number 05-cv-6214.) Although Love Galleries was never made a party to that litigation, it was involved in the litigation as a third party, and it later entered into a settlement agreement intended to resolve that litigation ("Settlement Agreement 1").

    The settlement agreement, executed on August 15, 2007, required Love Galleries to pay Pacific Indemnity $702,000 in various installments over a five-year period. (Amnd. Compl. at 2.) Love Galleries failed to make its initial payments, and Pacific Indemnity filed this action against Love Galleries. In the

months after the complaint was filed, Pacific Indemnity and Love Galleries entered into settlement negotiations, which ultimately resulted in another settlement agreement ("Settlement Agreement 2"). Under that agreement, Love Galleries promised to pay $527,750 to Pacific Indemnity in a series of electronic fund transfers. The Court agreed to stay proceedings in the instant action for six months so that Pacific Indemnity could ensure Love Galleries' compliance before the action was dismissed. Love Galleries made the first payment of $30,000, but then stopped making payments. Pacific Indemnity amended its complaint to base its breach of contract allegations on failure to make payments under Settlement Agreement 2, rather than Settlement Agreement 1. Love Galleries filed an answer to the amendment complaint, essentially admitting that it has failed to meet its obligations under that agreement.

## II. Standard of Review

Federal Rule of Civil Procedure 12(c) permits a defendant to move for a judgment on the pleadings after a complaint and answer have been filed. Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are "designed to provide a means of disposing of cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *All Amer. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D.Ill. 2000) (internal quotations omitted). For the purposes of a 12(c) motion, the pleadings consist of the complaint, answer, and any written documents attached as exhibits. *Hous. Auth. Risk Retention Group. Inc. v. Chicago Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004). Judgment on the pleadings is appropriate when there is no material issue of fact remaining to be resolved. *Nat'l Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357 (7th Cir. 1987).

## III. Analysis

Pacific Indemnity argues that it is entitled to judgment on the pleadings because Love Galleries' Answer to the Amendment Complaint does not deny that it is in breach of their contract, Settlement Agreement 2. The Court agrees.

Although it does so in a somewhat evasive manner, Love Galleries effectively admits that Settlement Agreement 2 is a binding and enforceable agreement. The Court notes that Love Galleries answers all allegations regarding its duties under the agreement in the following fashion:

> Defendants state that Exhibit A-1 [Settlement Agreement 2] speaks for itself. In connection therewith, Defendants deny any allegations or inferences inconsistent with the terms of said exhibit.

Answering a breach of contract allegation by asserting that a contract "speaks for itself" is inappropriate under Rule 8, and does not serve to deny that allegation for purposes of a motion for judgment on the pleadings. *See State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, App. ¶ 3 (N.D.Ill. 2001) (an assertion that a document "speaks for itself" does not constitute a denial); *Kortum v. Raffles Holdings, Ltd.*, No. 01 C 9236, 2002 WL 31455994, at *4 (N.D.Ill. Oct. 30, 2002) (an answer stating that a document "speaks for itself" frustrates the basic purpose of Rule 8, which is to "expose the pertinent issues in the litigation at the earliest possible stage"). Nor is permissible under Rule 8 to assert a general denial of whatever allegations might be inconsistent with a contract. *Divane v. Nextiraone, LLC,* No. 02 C. 3899, 2002 WL 31433504, at *2 (N.D.Ill. Oct. 30, 2002) (finding that a denial only "to the extent Plaintiffs inaccurately and/or incompletely summarize" parties' agreement constitutes an admission). Accordingly, the Court finds that Love Galleries has admitted that Settlement Agreement 2 is a binding and enforceable agreement.

Because Love Galleries also admits that it failed to make all but one of the payments required by the agreement (*See* Def.'s Answer ¶ 26), and because it offers no affirmative defense that might create some issue of fact warranting continuation of this action, Pacific Indemnity is entitled to judgment on the pleadings in the amount of $497,750.